IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID BRYAN EMEKA CHUKWURAH, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) Case No. CIV-23-00333-JD ) |
| RANDY HARDING, WARDEN, | ) ) |
| Respondent. | ) |

## ORDER

Before the Court is the Report and Recommendation issued by United States Magistrate Judge Suzanne Mitchell on February 15, 2024. [Doc. No. 11]. Judge Mitchell recommends that the Court deny pro se Petitioner David Chukwurah's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition") [Doc. No. 1].

Judge Mitchell advised the parties of their rights to object to the Report and Recommendation by March 7, 2024, and that failure to timely object to the Report and Recommendation would waive appellate review of the recommended ruling. Neither party filed any objections.

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). By not objecting to a magistrate judge's report and recommendation, the parties waive their rights to challenge the legal and factual basis for

the magistrate judge's decision. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) ("Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.").

Upon review, the Court ACCEPTS and ADOPTS the Report and Recommendation [Doc. No. 11] and DENIES the Petition with prejudice. *See Gray v. Gray*, 645 F. App'x 624, 625–26 (10th Cir. 2016) (unpublished). The Court also DENIES a certificate of appealability under Rule 11 of the Habeas Rules, as reasonable jurists could not conclude either that the Court erred in its ruling or that the issues presented should be allowed to proceed further in this case. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED this 17th day of May 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE